UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00123-MR

| MARK T. BOGER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court sua sponte on Plaintiff's "Petition for a Writ of Certiorari." [Doc. 1].

Pro se Petitioner Mark Boger ("Petitioner") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution. On April 3, 2017, Petitioner was indicted on one count of attaining habitual felon status and two counts each of possession with intent to sell or deliver a schedule II controlled substance and maintaining a dwelling to keep or sell controlled substances. State v. Boger, 268 N.C. App. 152, 833 S.E.2d 263, at *1 (2019) (Table Opinion) ("Boger 1"). Petitioner was tried during the October 2, 2018 criminal session of the Superior Court of Iredell County before the Honorable Joseph Crosswhite. Id. On October 4, 2018, the jury returned verdicts finding Petitioner guilty of the six controlled substance

offenses. Petitioner subsequently pleaded guilty to having attained habitual felon status. Id.

Petitioner appealed the judgments entered on his convictions and the civil judgment assessing attorney's fees against him. Boger 1, at *1. Petitioner argued that there was insufficient evidence in the record to support his conviction, and that the trial court's judgment assessing attorney's fees violated his due process rights. Id. The Court of Appeals found no error with respect to the sufficiency of the evidence and remanded to the trial court with instructions to provide Petitioner with notice and an opportunity to be heard before entering an attorney fee judgment against him. Id., at *2. Judge Crosswhite held a hearing on the attorney fee issue on remand. State v. Boger, 857 S.E.2d 369, 2021 WL 1750858, at *1 (N.C. Ct. App. May 2, 2021) (Table Opinion) ("Boger 2"). As a result of his behavior at the hearing, which included a racial slur directed at his attorney, physically threatening the Court, and telling the Court that he got a new tattoo, "FTJ," for "Fuck the Judge," the Court held a contempt hearing the following day for which the Court appointed separate counsel for Petitioner. Judge Crosswhite found "beyond a reasonable doubt" that Petitioner "willfully behaved in a contemptuous manner." Id. The Court sentenced Petitioner for an additional term of imprisonment of 60 days to be served at the end of his current

sentence. Id. Petitioner appealed the contempt order and the Court of Appeals affirmed. Id. at *2.

On February 5, 2021, Plaintiff filed an action pursuant 42 U.S.C. § 1983 against Judge Crosswhite and the prosecutor, Crystal Beale.[1] [Civil Case No. 5:21-cv-00018-MR, Doc. 1]. Plaintiff claimed that Beale violated his Fourteenth Amendment due process rights by informing the jury of Plaintiff's previous convictions and that Judge Crosswhite refused to answer his post-conviction motions. [Id., id.]. Plaintiff wanted his "illegal sentence" to be vacated or for the Court to order Judge Crosswhite to answer Plaintiff's motion to vacate. [Id., id. at 5]. The Court dismissed Plaintiff's action for the reasons stated in the Court's Order. [Id., Doc. 12]. Thereafter, Plaintiff moved the Court to reconsider this dismissal "on the grounds the Court misconstrued Plaintiff's requested relief!" [Id., Doc. 14]. On April 21, 2021, the Court denied the motion to reconsider. [Id., Doc. 16]. The Court advised Petitioner, under the circumstances presented, as follows:

> The most obvious avenue for Plaintiff is to seek a Writ of Mandamus from the North Carolina Court of Appeals pursuant to Rule 22 of the North Carolina Rules of Appellate Procedure. Thereafter, Plaintiff may seek relief from his State conviction under 28

---

[1] Petitioner attached a copy of a Motion for Appropriate Relief (MAR) dated August 9, 2020 that Petitioner had apparently submitted in his state criminal proceedings. [Doc. 2]. The Clerk inadvertently filed this attachment as a separate motion for relief with this Court. The Court will direct the Clerk to adjust the docket in this matter to show this MAR as an attachment to Petitioner's Petition.

Case 5:21-cv-00123-MR   Document 4   Filed 09/20/21   Page 3 of 5

sentence. Id. Petitioner appealed the contempt order and the Court of Appeals affirmed. Id. at *2.

On February 5, 2021, Plaintiff filed an action pursuant 42 U.S.C. § 1983 against Judge Crosswhite and the prosecutor, Crystal Beale.[1] [Civil Case No. 5:21-cv-00018-MR, Doc. 1]. Plaintiff claimed that Beale violated his Fourteenth Amendment due process rights by informing the jury of Plaintiff's previous convictions and that Judge Crosswhite refused to answer his post-conviction motions. [Id., id.]. Plaintiff wanted his "illegal sentence" to be vacated or for the Court to order Judge Crosswhite to answer Plaintiff's motion to vacate. [Id., id. at 5]. The Court dismissed Plaintiff's action for the reasons stated in the Court's Order. [Id., Doc. 12]. Thereafter, Plaintiff moved the Court to reconsider this dismissal "on the grounds the Court misconstrued Plaintiff's requested relief!" [Id., Doc. 14]. On April 21, 2021, the Court denied the motion to reconsider. [Id., Doc. 16]. The Court advised Petitioner, under the circumstances presented, as follows:

> The most obvious avenue for Plaintiff is to seek a Writ of Mandamus from the North Carolina Court of Appeals pursuant to Rule 22 of the North Carolina Rules of Appellate Procedure. Thereafter, Plaintiff may seek relief from his State conviction under 28

---

[1] Petitioner attached a copy of a Motion for Appropriate Relief (MAR) dated August 9, 2020 that Petitioner had apparently submitted in his state criminal proceedings. [Doc. 2]. The Clerk inadvertently filed this attachment as a separate motion for relief with this Court. The Court will direct the Clerk to adjust the docket in this matter to show this MAR as an attachment to Petitioner's Petition.

> U.S.C. § 2254 after exhausting his State court remedies or on showing 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect [his] rights.'" 28 U.S.C. § 2254(b)(1).

[Id., Doc. 16 at 4].

On August 18, 2021, Petitioner filed a motion on a form labeled Petition for Writ of Certiorari in which he seeks relief from a November 6, 2020 Order by Judge Crosswhite denying Petitioner's motion for appropriate relief in the Superior Court of Iredell County.[2] [Doc. 1]. The basic premise of Plaintiff's claim is that the evidence at trial was insufficient to find "that anything is a controlled substance." [Id. at 4].

The Court here has an insufficient record on which to address Plaintiff's request for relief. It does not appear that Petitioner has exhausted his state remedies and Petitioner's submission of the subject filing on a form intended for relief from North Carolina appellate courts has further confused matters. If Petitioner intends to seek relief under 28 U.S.C. § 2254, he is reminded that he must exhaust his state remedies first and then he must submit his petition on the appropriate form. The Court will therefore deny and dismiss Plaintiff's motion without prejudice to Plaintiff filing a new action pursuant to

---

[2] On the form, Petitioner crossed out the selections for either the North Carolina Court of Appeals or the Supreme Court of North Carolina and instead wrote "North Carolina Federal Court Clerk." [See Doc. 1 at 1].

28 U.S.C. § 2254 when he has fully exhausted his state remedies. To that end, the Court will instruct the Clerk to send Plaintiff a blank § 2254 form. The Court, however, does not assess the merits of such action now or the timeliness of any relevant proceedings relate thereto.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Petition [Doc. 1] is **DENIED** without prejudice to Plaintiff filing a new proceeding pursuant to 28 U.S.C. § 2254 in accordance with the terms of this Order.

The Clerk is respectfully instructed to mail Petitioner a blank 28 U.S.C. § 2254 form and to update the docket in this matter to reflect Docket No. 2, including Docket Nos. 2-1 through 2-3, as attachments to Docket No. 1 and not as a separate motion for relief.

The Clerk is instructed to terminate these proceedings.

**IT IS SO ORDERED**.

Signed: September 20, 2021

Martin Reidinger
Chief United States District Judge